**Bertram N. PERRY, Plaintiff–Appellant,**

**v.**

**Clarence THOMAS, Chairman of the Equal Employment Opportunity Commission, James H. Troy, and Charles H. Shanor, Defendants–Appellees.**

**No. 88–7272.**

United States Court of Appeals, Eleventh Circuit.

June 14, 1988.

Wesley C. Redmond, Cabaniss, Johnston, Gardner, Dumas & O'Neal, William F. Gardner, Birmingham, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Birmingham, Ala., for defendants-appellees.

John Suhre, E.E.O.C., Washington, D.C., for E.E.O.C.

Before HILL and EDMONDSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

**PER CURIAM:**

The District Court order dismissing this case seems to be based upon the conclusion that it lacked jurisdiction to intervene in this federal personnel matter by issuing an injunction—that is, that the claim could not be entertained because of the existence of administrative remedies prescribed by law. This was the chief argument advanced to the District Court.

At oral argument to us, appellees, officials of the Equal Employment Opportunity Commission, have indicated that they do not contest that the United States Courts have the power to issue injunctive relief, in appropriate cases, in disputes between the United States and its employees, notwithstanding the existence of administrative remedies. Especially in the light of this concession, we agree that the Civil Service

* Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig-    nation.

Reform Act of 1978 (CSRA) does not deprive the United States Courts of their traditional injunctive powers to protect constitutional rights.

We VACATE and REMAND the District Court's order on the denial of injunctive relief on the First Amendment claim, with instructions to the District Court, in its consideration of the merits, to determine and to state on remand whether injunctive relief is required, based on traditional considerations. This court expresses no opinion as to the appropriateness of injunctive relief, and we observe that, in determining whether such relief is to be granted, the District Court may properly take into account the existence of remedies under the CSRA.

The District Court's order is, in part, VACATED and REMANDED for further proceedings pursuant to the instructions set out above.